UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VERONICA BULGARI, Plaintiff, -against- JAN BOYER et al., Defendants. | : | 26 Civ. 2289 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the instant action ("*Bulgari II*") is related to the earlier-filed action *Bulgari v. Bulgari*, No. 22 Civ. 5072 ("*Bulgari I*").

WHEREAS, on August 17, 2026, Magistrate Judge Robert Lehrburger issued an order denying Defendants' request for a stay of discovery pending determination of Defendants' motion to dismiss (the "Order").

WHEREAS, on August 21, 2026, Defendants timely filed objections to the Order (the "Objections"). The Objections first contend that the instant action presents the "extraordinary circumstances" required under this Court's Individual Rule III.C.2 for a stay of discovery pending the outcome of a motion to dismiss because *Bulgari II* "aris[es] from factual issues already litigated at length in *Bulgari I*," meaning that "starting discovery here is tantamount to reopening discovery in *Bulgari I*." The Objections next contend that Plaintiff promised to keep any new discovery in *Bulgari II* "quite modest," but has since broken this promise by serving significant initial discovery requests on Defendants.

WHEREAS, on August 28, 2026, Plaintiff filed a response to the Objections (the "Response"). The Response argues that there will not be duplicative discovery requests or deposition questioning because (1) the parties have already agreed that all discovery taken in

*Bulgari I* is deemed to have been taken in *Bulgari II* and (2) *Bulgari II* concerns transfers out of Defendant Ilaria Bulgari's 2022 Trust, "an area as to which discovery was largely denied in *Bulgari I*." The Response additionally contends that Defendants' complaints about the scope of Plaintiff's discovery requests are properly addressed via the discovery dispute resolution process, not by a stay of discovery.

WHEREAS, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge," the district court "must consider timely objections" to the magistrate judge's ruling and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "[A] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[1] *Cumulus Media New Holdings v. Nielsen Co. (US), LLC*, 182 F.4th 108, 121 (2d Cir. 2026). An order is "contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Newman v. Bayer Corp.*, 348 F.R.D. 567, 575 (S.D.N.Y. 2025). "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *DeCastro v. Kavadia*, 309 F.R.D. 167, 169 (S.D.N.Y. 2015); *Roberts ex rel. Roberts v. LifeMD Atl. Patient Med. Care, P.C.*, No. 24 Civ. 8162, 2026 WL 1180087, at *2 (S.D.N.Y. Apr. 30, 2026). Thus, "[t]he party objecting to a magistrate judge's order carries a heavy burden." *Newman*, 348 F.R.D. at 575.

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, an order regarding a stay of discovery is nondispositive and subject to Federal Rule of Civil Procedure 72(a). *See, e.g.*, *Gilead Scis., Inc. v. Khaim*, No. 24 Civ. 4259, 2024 WL 5318631, at *2 (E.D.N.Y. Dec. 17, 2024) (overruling objections to magistrate judge's order denying motion to stay discovery).

WHEREAS, for substantially the reasons stated in Plaintiff's Response, the Order is neither clearly erroneous nor contrary to law. It is hereby

**ORDERED** that Defendants' Objections to the Order are **OVERRULED**.

Dated: September 1, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**